1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

     Plaintiff(s),

  v.

DEVIN JOSEPH VASSALLO,

     Defendant(s).

CASE NO. CR25-0115-KKE

ORDER GRANTING MOTION TO SEAL AND DENYING MOTION TO MODIFY CONDITIONS

In November 2021, Defendant Devin Vassallo was sentenced in the District of Hawaii to 60 months in custody following his guilty plea to Conspiracy to Distribute LSD. Dkt. No. 2-2. Mr. Vassallo was sentenced to four years of supervised release following his release from imprisonment and forbidden from possessing or using a controlled substance. *Id*. at 3.

After Mr. Vassallo was released from custody in January 2025, he moved to this district and the Court accepted probation jurisdiction in June 2025. Dkt. No. 1, Dkt. No. 6 at 1. He now requests, through counsel, that the Court modify his release conditions to remove the requirement that he submit to testing for marijuana, to allow him to use marijuana to treat his GERD and mental health conditions. Dkt. No. 6.

"The district court has broad discretion in setting conditions of supervised release[.]" *United States v. Bee*, 162 F.3d 1232, 1234 (9th Cir. 1998). Under 18 U.S.C. § 3583(d), conditions of supervised release "must: (1) be reasonably related to the goals of deterrence, protection of the

ORDER GRANTING MOTION TO SEAL AND DENYING MOTION TO MODIFY CONDITIONS - 1

public, and/or defendant rehabilitation; (2) involve no greater deprivation of liberty than is reasonably necessary to achieve those goals; and (3) be consistent with any pertinent policy statements issued by the Sentencing Commission[.]" *United States v. Napulou*, 593 F.3d 1041, 1044 (9th Cir. 2010). When modifying conditions of release, 18 U.S.C. § 3853(e)(1) and (e)(2) direct the Court to examine multiple factors, including the need to give the defendant medical care in the most effective manner. *See* 18 U.S.C. § 3553(a)(2)(D).

Mr. Vassallo argues that a modification of his release conditions to eliminate marijuana testing is appropriate to allow him to pursue treatment that has been effective in the past. Dkt. No. 6 at 3, Dkt. No. 6-1. His motion is opposed by Probation, which cites Mr. Vassallo's sustained remission from substance use, as well as the fact that marijuana is illegal under federal law. Dkt. No. 8 at 2. The Government also opposes modification, noting that use of marijuana even for medical purposes is a federal crime. Dkt. No. 10 at 2.

The Court finds that modification of Mr. Vassallo's release conditions is not appropriate. Although Mr. Vassallo's provider listed marijuana as one possible method of treating his conditions, she listed other treatment options as well. Dkt. No. 7 at 4.[1] Because Mr. Vassallo has other methods of treatment available that would not compromise his remission from substance use nor violate federal law, the Court exercises its discretion to DENY the motion for modification. Dkt. No. 6.

Dated this 22nd day of October, 2025.

*Kymberly K. Evanson*
_____
Kymberly K. Evanson
United States District Judge

---

[1] Mr. Vassallo filed a motion to seal an exhibit submitted along with his motion. Dkt. No. 5. The motion to seal is unopposed and the Court finds a compelling need to maintain Mr. Vassallo's medical records under seal. Thus, the Court GRANTS the motion to seal (*id.*) and orders that Exhibit 1 (Dkt. No. 7) be maintained under seal.

ORDER GRANTING MOTION TO SEAL AND DENYING MOTION TO MODIFY CONDITIONS - 2